# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ALIREZA BAKHTIARI, )
 )
 Plaintiff, )
 )
 v. ) No. 4:09-CV-1382 CAS
 )
KIM PHILLIPS, et al., )
 )
 Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Kim Phillips, Charles Hite, and Bemiston Carondelet Corporations's ("defendants") motion to dismiss pursuant to 28 U.S.C. § 1332. Plaintiff, who is appearing pro se, opposes the motion. For the following reasons, the motion will be denied.

## Background

Plaintiff brings this action against defendants alleging breach of the duty of care, abuse of process, malicious prosecution, wrongful arrest, and wrongful imprisonment arising out of his stay at the Crown Plaza Hotel in Clayton, Missouri. He invokes the Court's subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. In his complaint, he states that he is an Iranian national and "is and was at all relevant times a resident of the state of Missouri."

Defendants move to dismiss based on lack of subject matter jurisdiction. Defendants state that upon information and belief, plaintiff is domiciled in Missouri and has been since 2002. Defendants Phillips and Hite state they are Missouri residents and domiciled in Missouri for purposes of jurisdiction. Defendant Bemiston Carondelet Corporation states that it is a Missouri corporation with its principal place of business in Clayton, Missouri. Defendants argue that because both plaintiff

and defendants are citizens of the same state, diversity does not exist.  Plaintiff opposes the motion, stating that for purposes of citizenship, defendants must show he is domiciled in Missouri, which requires two elements: (1) physical presence in a state and (2) the intent to make the state a home.  Plaintiff states that he does not have, and has never had, any intention of remaining in Missouri for the indefinite future.  He states he is not a citizen of Missouri for purposes of diversity jurisdiction.

**Discussion**

It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other.[1]  See Stouffer Corp. v. Breckenridge, 859 F.2d 75, 76 (8th Cir. 1988) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).  "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship."  Owen Equip. & Erection v. Kroger, 437 U.S. 365, 373 (1978).  The legal standard to determine citizenship is straightforward.  Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely.  Once an individual has established his state of citizenship, he is presumed to be a citizen of that state until he legally acquires a new state of citizenship.  See Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir. 2005); see generally 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 102.34[5]-[7] (3d ed. 2009).  "The district court's determination of citizenship for purposes of diversity is a mixed question of law and fact, but mainly fact."  Id. at 768.

---

[1] For purposes of diversity jurisdiction, a natural person is considered to be a citizen of the state in which he is domiciled.  Therefore, in this context, "citizenship" of a state and "domicile" are synonymous terms.  See 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.34[1] (3d ed. 2009).

Plaintiff states that he is a citizen of Iran and a resident of the United States. He attaches to his response his permanent resident card. For purposes of 28 U.S.C. § 1332, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which [he] is domiciled." 28 U.S.C. § 1332(a). Plaintiff states that he has been a resident of the State of Missouri at times temporarily, but has no intention, no permission, and no means of living in Missouri indefinitely. His personal vehicle is licensed and registered in Illinois, and he was a resident of Illinois when the incidents alleged in the complaint occurred. He attaches to his response his 2010 Illinois vehicle registration information and a one-year lease from September 2007 through September 2008 for a residence in Illinois. He states that he moved to St. Louis Missouri as a "short-term leaser" in 2009, but that he is currently in the process of moving to another state. Although he resides in Missouri currently, he does not intend to do so indefinitely. In fact, he states that it "would be unlawful on his part to do so even if he desired." He "tentatively and highly likely will live overseas for indefinite periods. . . . Plaintiff does not intend to, and pursuant to federal immigration law cannot live in Missouri, or in the United States indefinitely." (Resp. at 3) (emphasis in original).

The Court does not have information regarding many of the ordinary incidents of domicile in this case, for example, where Mr. Bakhtiari works, banks, possesses a driver's license, seeks medical treatment, pays taxes, etc. See, e.g., Altimore, 420 F.3d at 769 (finding plaintiff domiciled in Pennsylvania based on these types of facts). Nor have defendants sought leave to discover this type of information. Based on the evidence submitted by plaintiff and his representations, however, the Court finds that he is not domiciled in Missouri for diversity purposes. While he may have resided in Missouri at the time of filing suit, and may reside in Missouri currently, he has never formulated the intent to stay and subjectively maintains that he is not a Missouri citizen. In fact, he states he is

in the process of moving. He is presumed to continue in his last domicile until he is physically present in a state with the intent to remain in that state. Based on his representations, Mr. Bakhtiari appears to be in the narrow category of individuals who have abandoned their past domicile but have not arrived at a new one or have arrived without formulating the intent to stay. His domicile, therefore, is that of his domicile when he was last present with the intent to stay, which is not Missouri. See MOORE'S FEDERAL PRACTICE at § 102.32[7]

Mr. Bakhtiari is not domiciled in Missouri, and therefore is not a Missouri citizen for purposes of diversity jurisdiction. Defendants have provided affidavits attesting to their Missouri citizenship. Complete diversity exists, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Kim Phillips, Charles Hite, and Bemiston Carondelet Corporation's motion to dismiss for lack of jurisdiction is **DENIED**. [Doc. 9]

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this 5th day of November, 2009.