RECEIVED
DEC 28 2009
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

FILED
DEC 28 2009
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ALIREZA BAKHTIARI**<br>Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| **KIM PHILLIPS**<br>(individual capacity)<br>Defendant | )<br>)<br>)<br>) |
| **CHARLES HITE**<br>(individual capacity)<br>Defendant | )<br>)<br>)<br>) |
| **BEMISTON CARONDELET**<br>**CORPORATION**<br>(corporate)<br>Defendant | )<br>)<br>)<br>) |
| **CROWN PLAZA HOTEL**<br>**CORPORATION**<br>(corporate)<br>Defendant | )<br>)<br>)<br>) |
| **HOLIDAY HOSPITALITY**<br>**FRANCHISING, INC. (HHFI)**<br>(corporate)<br>Defendant | )<br>)<br>)<br>) |

Cause No.: No. 4:09CV01382 CAS
**Jury Trial Requested**

## SECOND AMENDED COMPLAINT

Plaintiff, Alireza Bakhtiari, in *Pro Se*, sets forth his Petition, as follows:

### Introduction

1.      Plaintiff, Alireza Bakhtiari ("Bakhtiari"), is an Iranian national.

2. Defendant, Kim Phillips ("Phillips") is and was at all relevant times an employee of the Crown Plaza Hotel-Clayton Missouri as the Operations Manager. Phillips is respondent in this action in her **individual capacity**.

2. Defendant, Charles Hite ("Hite") is and was at all relevant times an employee of the Crown Plaza Hotel-Clayton Missouri as the Engineering Manager. Hite is respondent in this action in his **individual capacity**.

3. BEMISTON CARONDELET CORPORATION is a perpetual corporation, doing business within the state of Missouri, with the power to sue, and be sued.

4. CROWN PLAZA HOTEL CORPORATION is a perpetual corporation, with the power to sue, and be sued.

5. HOLIDAY HOSPITALITY FRANCHISING, INC. (HHFI) (also known as INTERCONTINETAL HOTELS GROUP) is a perpetual corporation, with the power to sue, and be sued.

6. This is a Missouri tort action for damages caused by Defendants' breach of duty of care, breach of duty of care - special relationship, malicious prosecution, abuse of process, wrongful arrest and wrongful imprisonment.

### Jurisdiction

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 (diversity of citizenships) and 28 U.S.C. § 1343 (Civil Rights), 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

### Venue

8. This action lies properly in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b) as the unlawful practices complained of herein occurred within the Eastern District of Missouri.

### Statutes of Limitation

3. All claims asserted herein have statute of limitation of 5 years in the state of Missouri. This complaint is within the timely limitation allowed.

### Liability Insurance

9. Plaintiff has no knowledge of any liability insurance that any of Defendants might carry for the claims asserted in this action.

### Damages

10. As of the day of filing this action, the *actual* damages caused by the actions complained of, reach a minimum estimate of $ 400,000.

### Early Resolution

11. Plaintiff provided ample opportunity to Defendants to bring these claims to resolution prior to filing. Plaintiff's efforts failed.

### FACTS COMMON TO ALL COUNTS

12. On or about the morning of June 13, 2008, the engineering team of Crown Plaza Hotel - Clayton Missouri were in the process of electric repair and/or maintenance in Room 502 of Crown Plaza Hotel among other rooms.

13. Within this project, the engineering team left the room, while the project pending and/or unfinished.

14. On the afternoon of June 13, 2008 Bakhtiari appeared at the front-desk of Crown Plaza Hotel and requested to be checked in for the night.

15. The front-desk rented room 502 to Bakhtiari.

16. Bakhtiari attended a business meeting in the late afternoon and he attended a party that evening. He retuned to his room about 2 AM.

17. Bakhtiari used the bathtub in the bathroom of his room (room 502).

18. Upon leaving the bathtub, Bakhtiari was electrocuted, thrown on the floor and forced into convulsion.

19. Bakhtiari was transferred to the Emergency Room of Barnes Jewish Hospital in St. Louis, where was he treated for electrocution and physical trauma. He was released on 8 AM of June 14, 2008.

20. At the night of the above incident, Defendant Phillips contacted the Clayton Police, who was on the scene of accident along side the emergency paramedics, and requested for prosecution of Bakhtiari for "intentional destruction of private property".

21. On June 17, 2008 the Clayton Police contacted Bakhtiari. He was interviewed, arrested, charged [1] and imprisoned and consequently released upon service.

22. Bakhtiari represented himself in pro se in the criminal proceedings pending in the Municipal Court of Clayton.

23. Clayton Police carried out extensive forensic discovery in the scene of the accident and on the electric components left by the engineering team in the bathroom. Bakhtiari was ruled out as a suspect.

24. The prosecutor for the City of Clayton dismissed his case voluntarily as he found the evidence compelling to rule out Bakhtiari as a suspect.

---

[1] Intentional Destruction of Private Property-Clayton City Ordinance

### COUNT I: BREACH OF DUTY OF CARE
### (Missouri Law)
### (all defendants except Phillips)

25. All defendants, except Defendant Phillips, owe a duty of care to any individual on the premises of the rooms, which these Defendants take up under repair/maintenance projects.

26. Defendants were negligent in considering this duty.

27. As a result Plaintiff has been damaged.

28. This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

　　a. Back pay and lost benefits; front pay and consequential damages

　　b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

　　c. His litigation fees and the costs and expenses of this action;

　　d. Punitive damages, and

　　e. Such other relief as the Court deems just and equitable.

### COUNT II: BREACH OF DUTY OF CARE-SPECIAL TO HOTEL INVITEES
### (Missouri Law)
### (all defendants except Phillips)

29. All defendants, except Defendant Phillips, owe a special duty of care to hotel invitees.

30. Defendants were negligent in considering this duty.

31. Especially defendants were negligent in considering this duty by renting a room under project to Plaintiff (a hotel guest, patron and business invitee).

32. As a result Plaintiff has been damaged.

33. This breach was the cause in fact and proximate cause of Plaintiff's damages.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Back pay and lost benefits; front pay and consequential damages

   b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

   c. His litigation fees and the costs and expenses of this action;

   d. Punitive damages, and

   e. Such other relief as the Court deems just and equitable.

## COUNT III: ABUSE OF PROCESS
### (Missouri Law)
### (all defendants except Hite)

34. Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duties. Defendants had no probable cause.

35. Defendants made an illegal, improper and perverted use of process, a use neither warranted nor authorized by the process.

36. Defendants had an improper purpose in exercising such illegal, perverted or improper use of process.

37. As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   a. Back pay and lost benefits; front pay and consequential damages

   b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

## COUNT IV: MALICIOUS PROSECUTION
### (Missouri Law)
### (all defendants except Hite)

38. Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duties. Defendants had no probable cause.

39. Defendants commenced a prosecution against the plaintiff.

40. The legal causation and instigation of these proceedings were Defendants solely.

41. The proceedings terminated in favor of Plaintiff.

42. Defendants' prosecution was in want of probable cause.

43. Defendants' conduct was actuated by malice.

44. As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

### COUNT V: WRONGFUL ARREST
### (Missouri Law)
### (all defendants except Hite)

45. Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duty. Defendants had no probable cause.

46. Defendants were the sole cause of Plaintiff's arrest.

47. Defendants' prosecution was in want of probable cause.

48. Defendants' conduct was actuated by malice.

49. As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

### COUNT VI: WRONGFUL IMPRISONMENT
### (Missouri Law)
### (all defendants except Hite)

50. Defendants' action in instigating criminal prosecution against Plaintiff was with the purpose of pre-empting prosecution of and attention to their own negligent breach of their duty. Defendants had no probable cause.

51. Defendants were the sole cause of Plaintiff's imprisonment.

52. Defendants' prosecution was in want of probable cause.

53. Defendants' conduct was actuated by malice.

54. As a result of Defendants' actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay and consequential damages

b. Compensatory damages for his mental and physical anguish, pain and suffering and other non-pecuniary losses;

c. His litigation fees and the costs and expenses of this action;

d. Punitive damages, and

e. Such other relief as the Court deems just and equitable.

**Dated: December 28th 2009**

**Respectfully Submitted**

*[signature]*

**Alireza Bakhtiari, Plaintiff in *Pro Se***
6803 Virginia Ave.
St. Louis, Missouri 63111
Office Phone: 314-592-8222
　　　　　　　314-592-8223
　　　　　　　314-256-1983
Mobile Phone: 314-640-3091
Email: al_bakt@hotmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of December, 2009, a true and accurate copy of the foregoing was filed with the Clerk of the Court and served by U.S. mail, postage prepaid, upon Defendants' counsel at:

LAW OFFICES OF DONALD B. BALFOUR
390 S. Woods Mill Road, Suite 270
Chesterfield, MO 63017

_____
Alireza Bakhtiari